UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CRAIG OTIS GIBSON,

Plaintiff,

v.

JAMES DZURENDA, *et al.*,

Defendants.

Case No. 3:18-cv-00190-MMD-WGC

ORDER

## I. DISCUSSION

This action began with a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. Plaintiff has submitted an application to proceed *in forma pauperis.* (ECF No. 1). Based on the financial information provided, the Court finds that Plaintiff is unable to prepay the full filing fee in this matter.

The Court entered a screening order on April 29, 2019. (ECF No. 5.) The screening order imposed a 90-day stay, and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. (ECF Nos. 5, 8.) The Office of the Attorney General has filed a status report indicating that settlement has not been reached, and informing the Court of its intent to proceed with this action. (ECF No. 21.)

Before the end of the stay, Plaintiff filed a motion for temporary restraining order (ECF No. 11), motion for preliminary injunction (ECF No. 12), a motion to dispense with requirement of security (ECF No. 13), a motion for appointment of counsel (ECF No. 14), and a motion to amend his complaint with proposed amended complaint attached (ECF Nos. 15, 15-1).

The Court denies the motion to amend the complaint (ECF No. 15) at this time without prejudice. The screening order explicitly stated that "[d]uring this 90-day stay

period, no other pleadings or papers will be filed in this case, and the parties will not engage in any discovery, nor are the parties required to respond to any paper filed in violation of the stay unless specifically ordered by the Court to do so." (ECF No. 5 at 7.) Plaintiff filed the motion to amend and proposed amended complaint in violation of the stay and, as such, the Court denies the motion. When the stay is lifted, Plaintiff may amend pursuant to Federal Rule of Civil Procedure 15.

The Court notes that the motions for temporary restraining order, preliminary injunction, to dispense with the requirement of security, and for appointment of counsel (ECF Nos. 11, 12, 13, 14) were also filed in violation of the stay. However, the Court denies the motions for temporary restraining order, preliminary injunction, and to dispense with the requirement of security because Plaintiff has not established that he is likely to suffer irreparable harm in the absence of preliminary relief based on actions that took place in the complaint. *See Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 20 (2008)). Additionally, the Court denies the motion for appointment of counsel because Plaintiff has not established exceptional circumstances warranting the appointment of counsel for indigent civil litigants. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

**II.    CONCLUSION**

It is therefore ordered Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is granted. Plaintiff will not be required to pay an initial installment of the filing fee. In the event that this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

It is further ordered that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting leave to proceed *in forma pauperis* will not extend to the issuance and/or service of subpoenas at government expense.

1 | It is further ordered that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections will pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (Craig Otis Gibson, #1085479), in the months that the account exceeds $10.00, until the full $350.00 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk of the Court will also send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

The Clerk of the Court is directed to electronically serve a copy of this order and a copy of Plaintiff's complaint (ECF No. 6) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

It is further ordered that service must be perfected within 90 days from the date of entry of this order pursuant to Fed. R. Civ. P. 4(m).

It is further ordered that, subject to the findings of the screening order (ECF No. 5), within 21 days of the date of entry of this order, the Attorney General's Office will file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service; and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office will file, under seal, but will not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office will attempt to obtain and provide the last known physical address(es).

It is further ordered that, if service cannot be accepted for any of the named defendant(s), Plaintiff will file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For

3

the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff will provide the full name and address for the defendant(s).

It is further ordered that, if the Attorney General accepts service of process for any named defendant(s), such defendant(s) will file and serve an answer or other response to the complaint (ECF No. 6) within 60 days from the date of this order.

It is further ordered that Plaintiff will serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff will include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed or electronically filed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff will direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk of Court, and any document received by a district judge, magistrate judge, or the Clerk of Court which fails to include a certificate showing proper service.

It is further ordered that this case is no longer stayed.

It is further ordered that the motions for temporary restraining order (ECF No. 11), preliminary injunction (ECF No. 12), to dispense with requirement of security (ECF No. 13), and for appointment of counsel (ECF No. 14) are denied.

It is further ordered that the motion to amend complaint (ECF No. 15) is denied without prejudice. The Clerk of the Court is directed to send Plaintiff a courtesy copy of his motion to amend (ECF No. 15) and proposed amended complaint (ECF No. 15-1).

DATED THIS 6th day of August 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE