|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |
| 3 | CRAIG OTIS GIBSON, | Case No.: 3:18-cv-00190-MMD-WGC |
| 4 | Plaintiff | **Order** |
| 5 | v. | Re: ECF No. 30 |
| 6 | JAMES DZURENDA, et. al., | |
| 7 | Defendants | |

On August 15, 2019, Plaintiff filed a motion for leave to file an amended complaint. (ECF Nos. 26, 26-1.) Defendants have filed a notice of non-opposition indicating that they do not oppose the motion because there is no procedural basis to do so, but request that if the court grants the motion giving Plaintiff leave to amend, that the court screen the amended complaint. (ECF No. 30.)

While leave to amend is to be freely given under Federal Rule of Civil Procedure 15(a)(2), the court need not give leave to amend where doing so is, among other things, futile or the amended complaint would be subject to dismissal. *See Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *see also Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). As such, the non-moving party, as well as the court, should review the proposed amended complaint to determine whether any portion of the proposed amended complaint would be futile. The standard for futility is whether the proposed amended states a claim upon which relief may be granted, which is the same standard the court employs in screening prisoner complaints under the Prison Litigation Reform Act,

28 U.S.C. § 1915A, and the same standard that is utilized in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

Therefore, while Defendants may not have a basis to oppose the request for leave under Rule 15 itself, case law interpreting Rule 15 allows Defendants to oppose a motion for leave to amend if the proposed amendment fails to state a claim upon which relief may be granted.

The court will review the motion for leave to amend in due course and will screen the proposed amended complaint under 28 U.S.C. § 1915A; however, absent compelling circumstances, any subsequent motion to dismiss for failure to state a claim filed by Defendants will not be well received since Defendants had an opportunity to assert such arguments now and elected not to do so. The court does not wish to engage in a repetitive analysis. As such, if Defendants wish to assert an argument that the proposed amended complaint fails to state a claim upon which relief may be granted, they will have **14 days** from the date of this Order to do so.

**IT IS SO ORDERED**.

Dated: August 30, 2019

                                                          _William G. Cobb_
                                                      William G. Cobb
                                                    United States Magistrate Judge