UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

CRAIG OTIS GIBSON,

                Plaintiff,

v.

C/O FLORES, *et al.*,

                Defendants.

Case No. 3:18-cv-00190-MMD-WGC

ORDER

**I.     SUMMARY**

*Pro se* Plaintiff Craig Otis Gibson, currently incarcerated and in the custody of the Nevada Department of Corrections ("NDOC"), alleges violations of his constitutional rights under 42 U.S.C. § 1983 against correctional facility employees and officials generally arising from his contention that he was sexually assaulted, his report of the assault was improperly handled, and his grievance and litigation efforts stemming from the assault were improperly stymied. (ECF No. 5.) Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge William G. Cobb (ECF No. 51), recommending that the Court grant Plaintiff's motion to amend (ECF No. 26), allowing some of Plaintiff's proposed counts to proceed against specified defendants, but dismissing some of his proposed claims as futile. Plaintiff filed an objection to Judge Cobb's Recommendation ("RR Objection").[1] (ECF No. 65.) Also before the Court is Plaintiff's objection to Judge Cobb's decision to grant an extension of time to Defendants to file an answer in a minute order ("MO Objection"). (ECF No. 61 (objecting to ECF No. 49).) As further explained below, the Court will overrule Plaintiff's

---

[1] The Court also reviewed Defendants' response to Plaintiff's RR Objection. (ECF No. 68.) Defendants did not file a response to Plaintiff's MO Objection.

RR Objection because the Court agrees with Judge Cobb's analysis of the underlying motion to amend, and will fully adopt the R&R. The Court will also overrule Plaintiff's MO Objection because the Court does not find Judge Cobb clearly erred in granting Defendants an extension of time.

**II.     BACKGROUND**

The Court incorporates by reference Judge Cobb's recitation of the factual background of this case included throughout the R&R (ECF No. 51), and does not recite it here.

**III.    RR OBJECTION**

**A.      Legal Standard**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* Because of Plaintiff's RR Objection, the Court has undertaken a de novo review of the R&R.

**B.      Discussion**

Judge Cobb primarily recommends the Court grant Plaintiff's motion to amend. (ECF No. 51.) Fed. R. Civ. P. 15 ("Rule 15") allows amendment only by leave of the court once responsive pleadings have been filed and in the absence of the adverse party's written consent. *See* Fed. R. Civ. P. 15(a). The Court has discretion to grant leave and should freely do so when justice so requires. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting Fed. R. Civ. P. 15(a)). "In exercising its discretion, 'a court must be guided by the underlying purpose of Rule 15—to facilitate a decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Nonetheless, the Court may deny leave to amend if: (1) it will cause undue delay; (2) it will cause undue prejudice to the opposing party; (3) the request is made in bad faith;

(4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

Judge Cobb applied the correct legal standards in recommending the Court grant Plaintiff's motion to amend, but also screening the claims in Plaintiff's proposed amended complaint—and the Court agrees with Judge Cobb as to the claims he recommends the Court dismiss. (ECF No. 51 at 2-15.) The Court addresses below Plaintiff's objection.

Plaintiff primarily objects to Judge Cobb's Recommendation to dismiss some of his claims as futile, and argues Judge Cobb erred in recommending their dismissal because pleadings filed by *pro se* litigants are held to less stringent standards than those drafted by lawyers. (ECF No. 65 at 1-2.) Defendants counter that Judge Cobb did not err in recommending the dismissal of some of Plaintiff's claims, addressing the merits of his findings as to each claim and agreeing with Judge Cobb. (ECF No. 68 at 3-4.) The Court agrees with Defendants.

While Plaintiff repeatedly refers to a correct legal principle—that *pro se* pleadings must be liberally construed—in his RR Objection, he fails to explain, much less demonstrate, how Judge Cobb erred in recommending the dismissal of some of Plaintiff's claims. (ECF No. 65 at 1-2.) He merely repeats the principle without applying it to Judge Cobb's findings, or pointing to any factual allegations that may save the claims Judge Cobb recommends the Court dismiss. (*Id.*) Further, the principle that Courts must liberally construe *pro se* claims does not mean that the Court must allow all of Plaintiff's claims to proceed. In fact, the Prison Litigation Reform Act ("PLRA") requires that the Court dismiss portions of Plaintiff's complaint that fail to state a claim. *See* 28 U.S.C. § 1915A(b)(1). And that is what Judge Cobb has done here. Said otherwise, he has done nothing more than recommend the dismissal of certain claims that lack necessary factual allegations as required by the PLRA.[2] (ECF No. 51 at 4-13.) In addition, the Court may properly deny

---

[2]The Court also reminds Plaintiff that Judge Cobb recommends that many of Plaintiff's claims be allowed to proceed, and the Court will permit him to pursue those claims.

3

leave to amend, where, as here, amendment would be futile. *See Leadsinger*, 512 F.3d at 532.

In sum, the Court will adopt Judge Cobb's Recommendations because the Court agrees with them, and will overrule Plaintiff's RR Objection.

**IV.     MO OBJECTION**

In his MO Objection, Plaintiff challenges Judge Cobb's decision to grant Defendants' motion for extension of time. (ECF No. 61.) "A magistrate judge may hear and finally determine any pretrial matter not specifically enumerated as an exception in 28 U.S.C. § 636(b)(1)(A)." LR IB 1-3. Plaintiff's MO Objection falls into this category. *See, e.g., Reberger v. Westfay*, Case No. 3:17-cv-00077-MMD-WGC, 2019 WL 6976036, at *3 (D. Nev. Dec. 20, 2019) (analyzing a denial of a motion for extension of time under LR IB 1-3). The Court may therefore reconsider Judge Cobb's decision only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636 (b)(1)(A). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prod. of California, Inc. v. Constr. Laborers Pension Tr. for S. California*, 508 U.S. 602, 622 (1993) (internal quotation marks, punctuation, and citation omitted).

Plaintiff argues that Judge Cobb erred in granting Defendants' motion for an extension of time to file an answer because Defendants did not demonstrate good cause for the extension they requested. (ECF No. 61.)  But the Court does not find Judge Cobb clearly erred in finding Defendants had demonstrated good cause for their requested extension of time. (ECF No. 49 at 1 ("good cause appearing" as to ECF No. 47).) The Court will therefore overrule Plaintiff's MO Objection.

Because Judge Cobb did not explain why he found Defendants had demonstrated good cause, the Court will look to Defendants' underlying motion. (ECF No. 47.) In that motion, Defendants explained they were requesting an extension of time because their counsel, who had incorrectly assumed no answer was due, had resigned, and Defendants' new counsel had only recently started working at the Office of the Attorney General and

been assigned to the case. (*Id.* at 2.) According to Defendants' new counsel, he investigated the case as soon as he was assigned to it, realized Defendants' answer was late, and moved for an extension of time. (*Id.*) While the Court may have made a different decision were it ruling on the requested extension of time, the Court is not "left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prod. of California*, 508 U.S. at 622. Thus, the Court does not find that Judge Cobb clearly erred, and will accordingly overrule Plaintiff's MO Objection.

**V.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 51) is accepted and adopted in full.

It is further ordered that that Plaintiff's pending objections (ECF Nos. 61, 65) are overruled.

It is further ordered that Plaintiff's motion to amend (ECF No. 26) is granted as specified below.

The Clerk of Court is directed to file the amended complaint (ECF No. 26-1).

It is further ordered that Plaintiff is allowed to proceed on his Eighth Amendment failure to protect claim against Defendants Dzurenda, Williams, and Blazono, and against Does 2, 5, and 6 when Plaintiff identifies them and within the parameters of any scheduling order deadlines to amend/add parties.

It is further ordered that Plaintiff is allowed to proceed on his Eighth Amendment claim against Flores for alleged sexual misconduct on March 4, 2017.

It is further ordered that Plaintiff's retaliation claim against Defendant Flores based on those same events is dismissed with prejudice.

It is further ordered that Plaintiff is allowed to proceed on his Fourth Amendment invasion of privacy claim against Flores for the conduct alleged to have occurred on April 20, 2017.

It is further ordered that Plaintiff's Count 4, Count 5, and Count 6 are dismissed with prejudice.

It is further ordered that Plaintiff is allowed to proceed on his First Amendment legal mail claim against Correctional Officer Boonsarn and Sergeant Hunt in Count 7.

It is further ordered that Plaintiff's retaliation and access to the courts claims in Count 7 are dismissed with prejudice.

It is further ordered that Plaintiff's claims in Count 8 against John Doe #3 and Correctional Officer Peterson are dismissed without prejudice.

It is further ordered that Plaintiff is allowed to proceed on his First Amendment mail theft claim in Count 9 against ESP Mail Room Sergeant Hunt.

It is further ordered that Plaintiff's retaliation claim in Count 9 is dismissed with prejudice.

It is further ordered that Plaintiff's Count 10 is dismissed as duplicative of Count 9.

The Clerk of Court is further directed to issue summonses for each of the Defendants and send the same to the U.S. Marshal. The Clerk of Court is additionally directed to send sufficient copies of the Complaint and this order to the U.S. Marshal for service on Defendants. The Clerk of Court is also directed to send the Plaintiff sufficient USM-285 forms to effect service.

It is further ordered that Plaintiff has 14 days to complete the USM-285 forms the Clerk of Court will send to him and return them to the U.S. Marshal for service, 400 S. Virginia Street, 2nd Floor, Reno, Nevada 89501.

It is further ordered that Plaintiff must file a motion providing a more detailed name and/or address for service, or indicating that some other method of service should be attempted within 20 days of receiving from the U.S. Marshal a copy of the USM-285 forms

1 showing whether service has been accomplished, if any of Defendants were not served,
2 and if Plaintiff wants service to be attempted again.

It is further ordered that Plaintiff must complete service within 90 days of the date of entry of the order.

It is further ordered that if Plaintiff fails to follow the instructions in this order, unserved Defendants will be dismissed for failure to complete service under Federal Rule of Civil Procedure 4(m).

It is further ordered that, once service is accomplished, Plaintiff must serve a copy of every pleading, motion or other document submitted for the Court's consideration upon Defendants or, if an appearance has been entered by counsel, upon Defendants' attorney.

It is further ordered that Plaintiff must include with the original of each document filed with the Court a certificate stating that a true and correct copy of the document was mailed to the defendant or counsel, as appropriate. The Court may disregard any paper it receives that has not been filed with the Clerk of Court, or which fails to include a certificate of service.

DATED THIS 15th day of January 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE