AARON D. FORD
  Attorney General
ANDREA M. DOMINGUEZ, Bar No. 15209
  Deputy Attorney General
State of Nevada
Public Safety Division
100 N. Carson Street
Carson City, Nevada 89701-4717
Tel: (775) 684-1163
E-mail: adominguez@ag.nv.gov

*Attorneys for Defendants*
*Debra Boone-Sharp, Kelvin Chung,*
*James Dzurenda, David Fierro,*
*Miguel Flores-Nava, Michael Gamberg,*
*Paul Hunt, Alice Jacoby, Charles Kirchen,*
*Ricardo Lara-Pintor, William Moore*
*Ned Schuering, Brandon Stubbs,*
*Brian Williams, Christopher Miller,*
*Kevin Ashby, Erik Maurer, Tylor DeShane*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CRAIG OTIS GIBSON,<br><br>                  Plaintiff,<br><br>v.<br><br>JAMES DZURENDA, et al.,<br><br>                  Defendants. | Case No. 3:18-cv-00190-MMD-WGC<br><br>**ORDER GRANTING<br>MOTION FOR EXTENSION OF TIME<br>TO RESPOND TO PLAINTIFF'S<br>MOTION FOR A TEMPORARY<br>RESTRAINING ORDER AND/OR<br>PRELIMINARY INJUNCTION<br>(ECF NO. 129)<br>(SECOND REQUEST)** |

      Defendants, James Dzurenda, Miguel Flores-Nava, Paul Hunt, Brian Williams, Debra Boone-Sharp, Kelvin Chung, David Fierro, Michael Gamberg, Alice Jacoby, Charles Kirchen, Ricardo Lara-Pintor, William Moore, Ned Schuering, Brandon Stubbs, Christopher Miller, Kevin Ashby, Erik Maurer, and Tylor DeShane, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Andrea M. Dominguez, Deputy Attorney General, hereby move for an extension of time to file a response to Plaintiff's Motion for a Temporary Restraining order and/or Preliminary Injunction (ECF No. 129) (Second Request). This motion is based on the following Memorandum of Points and Authorities and on all papers and pleadings on file.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.     FACTUAL ANALYSIS

This is an inmate civil rights action brought pursuant to 42 U.S.C. § 1983. Craig Otis Gibson (Gibson) is an inmate in the custody of the Nevada Department of Corrections (NDOC), currently housed at Ely State Prison, (ESP).

On November 24, 2020 Gibson filed a Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 129.) On December 8, 2020, Defendants filed a First Request for an extension of time to file a response to Plaintiff's Motion for a Temporary Restraining order and/or Preliminary Injunction. (ECF No. 137) Also, on December 8, 2020, the Court entered an order granting counsel's motion. (ECF No. 138) Defendants response to ECF No. 129 is due **January 7, 2021.** This case is currently in active discovery and may yield additional discovery due to Gibson's Second Amended Complaint.

There have been a voluminous number of documents filed in this case within the last 30 days (i.e., ECF Nos. 130, 131, 132, 139, 140, 143, 144, and 146). Counsel spent a significant amount of time briefing the Defendants Opposition to Gibson's Motion to Compel and preparing for the corresponding discovery hearing held on January 6, 2021. *See* (Declaration of Counsel – **Exhibit A**) The Court's ruling at the discovery hearing also yielded some additional filings and discovery documents that need to be prepared within the next 30 days. (*Id.*)

Counsel has also spent quite a bit of time researching and trying to identify all of the named defendants in Gibson's Second Amended Complaint so that service could be accepted, and an answer could be filed (*Id.*) Further, Counsel for Defendants currently has 42 active cases, of which a Motion for Summary Judgment (MSJ) is due in two of those cases on January 22, 2021 and January 29, 2021.[1] (*Id.*) Lastly, counsel was on annual leave the week of December 21, 2020 through December 25, 2020, and the Office of the

---

[1] Counsel has an MSJ due January 22, 2021 in Case No: 3:19-cv-00091-MMD-CLB, *Williams v. Gittere, et al.*, and an MSJ due January 29, 2021 in Case No. 3:18-cv-00508-RCJ-WGC, *Arzola v. Ward, et al.*

2

1  Attorney General (OAG) was closed for two days in observance of the Christmas and New
2  Year's holidays. (*Id.*) Much of the office staff was slowed down during this time period as
3  well. (*Id.*) Thus, counsel for Defendants has not had a sufficient amount of time to prepare
4  Defendants response to Gibson's Motion for a Temporary Restraining Order and/or
5  Preliminary Injunction.
6      Therefore, Defendants respectfully request an extension of time of thirty days to
7  file a response to Gibson's Motion for a Temporary Restraining Order and/or Preliminary
8  Injunction. Counsel requires additional time to complete a thorough response. Counsel
9  was not able to meet and confer with Gibson regarding a potential stipulation as the
10 soonest a telephonic conference could be scheduled with Gibson was January 11, 2021.
11 (*Id.*)
12 **II.    LEGAL STANDARD**
13      Rule 6(b)(1), Federal Rules of Civil Procedure, governs extensions of time and
14 states:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Local Rule IA 6-1(a), also governs extension of time and states:

> A motion or stipulation to extend time must state the reasons for the extension requested and must inform the court of all previous extension of the subject deadline the court granted. (Examples: "This is the first stipulation for extension of time to file motions." "This is the third motion to extend time to take discovery.") A request made after the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect. Immediately below the title of the motion or stipulation there also must be a statement indicating whether it is the first, second, third, etc., requested extension, i.e.:

28 / / /

1  Good cause exists to extend the time to file a response to Gibson's motion for a
2  temporary restraining order and/or preliminary injunction.  Defendants' request will not
3  hinder or prejudice Gibson's case but will allow for a thorough opportunity to provide a
4  quality response to the motion.  Gibson's requested relief is to be released from prison.
5  This is likely out of the hands of the injunction so he will not be harmed by a 30-day
6  extension for Defendants to respond.  Further, Gibson is asking for an injunction to have
7  the NDOC staff follow the law, which is not the type of relief that can be granted.  The
8  requested extension of time should permit Defendants counsel adequate time to file an
9  appropriate and complete response.

### III.  CONCLUSION

Based on the foregoing, Defendants respectfully request that their motion for an extension of time for a period of thirty days, from **January 7, 2021** to **February 6, 2021,** in which to file a response to Gibson's motion for a temporary restraining order and/or preliminary injunction (ECF No. 129), be granted.

### IV.  EXHIBIT LIST

Exhibit A – Declaration of Counsel

DATED this 7th day of January, 2021.

AARON D. FORD
Attorney General

By:  /s/ *Andrea M. Dominguez*
ANDREA M. DOMINGUEZ, Bar No. 15209
Deputy Attorney General

*Attorneys for Defendant*

There shall be no further extensions granted.

IT IS SO ORDERED.

DATED: Janury 7, 2021.

_____
UNITED STATES MAGISTRATE JUDGE