UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CRAIG OTIS GIBSON,<br><br>Plaintiff,<br><br>v.<br><br>JAMES DZURENDA, et al.,<br><br>Defendants. | Case No.: 3:18-cv-00190-MMD-WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 129 |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's motion for a temporary restraining order and/or preliminary injunction. (ECF No. 129.) Defendants filed a response. (ECF No. 167.) There has been no reply memorandum filed by Plaintiff.

After a thorough review, it is recommended that Plaintiff's motion for a temporary restraining order and/or preliminary injunction (ECF No. 129) be denied.

**I. BACKGROUND**

This is an inmate civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff was an inmate in the custody of the Nevada Department of Corrections (NDOC) and was housed at Ely State Prison (ESP). Plaintiff was discharged from the NDOC custody on January 28, 2021, and he is no longer incarcerated. (ECF No. 167-1.)

On November 24, 2020, Plaintiff filed a Motion for a Temporary Restraining Order and Preliminary Injunction. (ECF No. 129.) Plaintiff seeks injunctive relief for a release from prison,

a restraining order against NDOC defendants, a preliminary injunction, a transfer to another NDOC facility besides ESP, and to have counsel appointed to represent him due to his inability to access the law library.

Defendants argue Plaintiff's motion for injunctive relief is moot by reason of Plaintiff's discharge from the custody of the Nevada Department of Corrections. (ECF No. 167 at 167-1.) AS noted above, no reply memorandum was filed by Plaintiff.

## II. LEGAL STANDARD

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

Injunctions and restraining orders are governed procedurally by Federal Rule of Civil Procedure 65, but case law outlines the substantive requirements a party must satisfy to obtain an injunction or restraining order. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 319 (1999) ("[T]he general availability of injunctive relief [is] not altered by [Rule 65] and depend[s] on traditional principles of equity jurisdiction.").

A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). The instant motion requires that the court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of

preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted). ). The Ninth Circuit has held that "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are met." *Alliance for the Wild Rockies v. Cottress*, 632 F.3d 1127, 1132 (9th Cir. 2011) (internal quotation marks omitted).

The Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials. The PLRA provides, in relevant part:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. *See Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a)...operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

A temporary restraining order is appropriate when irreparable injury may occur before the court can hold a hearing on a motion for preliminary injunction. *See* 11A The Late Charles Alan Wright & Arthur R. Miller, et. al., *Federal Practice and Procedure*, § 2951 (3d ed. 1999). The standard for issuing a temporary restraining order is identical to the standard for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n.

7 (9th Cir. 2001); *see also* 11A The Late Charles Alan Wright & Arthur R. Miller, et. al., *Federal Practice and Procedure*, § 2951 (3d ed. 1999) ("When the opposing party actually receives notice of the application for a restraining order, the procedure that is followed does not differ functionally from that on an application for preliminary injunction and the proceeding is not subject to any special requirements."). A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70,* 415 U.S. 423, 439 (1974).

### III. DISCUSSION

Plaintiff's claims regarding NDOC's mistreatment and threats to him while housed at ESP are moot. Plaintiff seeks injunctive relief for a release from prison, a restraining order against NDOC defendants, a preliminary injunction, and a transfer to another NDOC facility besides ESP, all of which are now moot as he has been released from prison. (ECF No. 167-1.) Plaintiff's claims arose prior to his being released from NDOC's custody. Plaintiff's release from custody means he is no longer subject to NDOC's control or custody and thus no longer subject to NDOC policy. Plaintiff is no longer subject to NDOC's control following his release from prison and thus, any injunctive claims against NDOC are moot.

### IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **DENYING** Plaintiff's motion for a temporary restraining order and/or preliminary injunction (ECF No. 129).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report

4

and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: March 2, 2021.

_____
William G. Cobb
United States Magistrate Judge